[Cite as *State v. Schweitzer*, 2026-Ohio-2645.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-09-100 |
| vs. | : | OPINION AND JUDGMENT ENTRY 7/13/2026 |
| KIMBERLY SCHWEITZER, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2025-04-0444

Michael T. Gmoser, Butler County Prosecuting Attorney, and Willa Concannon, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.

## **O P I N I O N**

**BYRNE, P.J.**

{¶ 1}   Kimberly Schweitzer appeals from her conviction and sentence in a criminal matter before the Butler County Court of Common Pleas. Specifically, she challenges the trial court's decision to deny her motion to continue her scheduled sentencing hearing.

We affirm the trial court's decision and affirm her sentence.

## I. Factual and Procedural Background

{¶ 2} On April 11, 2025, a Butler County grand jury indicted Schweitzer on four counts as listed:

| Count | Offense | Revised Code Section | Offense Level |
|-------|---------|----------------------|---------------|
| 1 | Grand Theft | R.C. 2913.02(A)(2)-(B)(2) | F4 |
| 2 | Grand Theft by Deception | R.C. 2913.02(A)(3)-(B)(2) | F4 |
| 3 | Receiving Stolen Property | R.C. 2913.51(A) | F4 |
| 4 | Tampering with Records | R.C. 2913.42(A)(1)-(B)(3)(c) | F4 |

{¶ 3} The indictment arose following allegations that Schweitzer stole $32,259.36 from her employer, Headline Sportswear, while acting as the employer's accounting manager. On July 10, 2025, Schweitzer pleaded guilty to Count One, and the State dismissed the remaining three counts. The court then scheduled her sentencing hearing to be held seven weeks later, on August 28, 2025.

{¶ 4} At the sentencing hearing, before presenting mitigation arguments, Schweitzer's defense counsel asked the court to grant Schweitzer a one-week continuance so that she could "address a few things that [were] still pending in her life." Defense counsel acknowledged that the victim was present at the sentencing hearing and suggested to the court that it should "take [the] victim['s] impact or give [the victim] the opportunity to speak" at the hearing "so that [the victim] didn't have to come back again."

{¶ 5} The court then engaged in the following colloquy with defense counsel:

> THE COURT: Is there . . . something that was cropped up in [Schweitzer's] life that she could not have anticipated handling before [the] sentencing date? It's been on the books now for weeks.

[DEFENSE COUNSEL]: Your Honor, in all frankness, there's just some things she's got to take care of in terms of making sure the household is taken care of, and things are set up for that. And trying to make sure things with regard to her daughter are taken care of.

THE COURT: How old's her daughter --

[DEFENSE COUNSEL]: -- adult daughter. She's an adult.

THE COURT: She's an (indiscernible)

[DEFENSE COUNSEL]: 20 -- yeah, 20 years old. So that's -- in all candor and frankness, that's what it is. Just --

THE COURT: Does her --

[DEFENSE COUNSEL]: -- trying to tie up those loose ends.

THE COURT: -- daughter lives (sic) at the house?

[DEFENSE COUNSEL]: Yes, Your Honor.

THE COURT: And she's an adult?

[DEFENSE COUNSEL]: She is.

THE COURT: And she can drive?

[DEFENSE COUNSEL]: She's got her temporary.

THE COURT: All right. But she's otherwise competent, as far as we know?

[DEFENSE COUNSEL]: Yes.

{¶ 6} At the end of the colloquy, the court declined to continue the sentencing hearing, explaining that the court and the State were ready to proceed, and the victim was present. Defense counsel proceeded to present mitigation arguments. The State then presented its arguments, and the victim testified.

{¶ 7} At the end of the sentencing hearing, the court sentenced Schweitzer to 18 months in prison. The court restated its findings and sentence in a judgment entry.

{¶ 8} Schweitzer appealed, raising one assignment of error.

## II. Law and Analysis

{¶ 9} Schweitzer's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED SCHWEITZER'S MOTION TO CONTINUE SENTENCING.

{¶ 10} To support her sole assignment of error, Schweitzer argues the trial court erred when it denied her motion to continue the sentencing hearing because she "only sought a one-week continuance" and because "it was her first request for a continuance in the case." She also argues that "[a]ny inconvenience to the court, the victim, or the state caused by the continuance would have been minimal." We disagree.

## A. Standard of Review

{¶ 11} "The grant or denial of a continuance is entrusted to the broad, sound discretion of the trial court." *State v. Jones*, 2025-Ohio-1780, ¶ 14 (12th Dist.), citing *State v. Grant*, 1993-Ohio-171. "A trial court's denial of a defendant's motion for a continuance will not be reversed on appeal absent an abuse of discretion." *Jones* at ¶ 14, citing *State v. Simmons*, 2021-Ohio-3563, ¶ 58 (12th Dist.). "An abuse of discretion 'connotes more than an error or law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *Simmons* at ¶ 58, quoting *State v. Jackson*, 2005-Ohio-5981, ¶ 181.

{¶ 12} While there is no "bright-line test" for determining whether a motion for a continuance should be granted or denied, this court has continuously looked to the factors set out by the Ohio Supreme Court in *State v. Unger*, 67 Ohio St.2d 65, 67-68 (1981), as guidance in determining whether a trial court abused its discretion. *See Jones* at ¶ 15; *Simmons* at ¶ 59. Those factors include, but are not limited to:

the length of the delay requested; whether other continuances have been requested or received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68, citing *United States v. Burton*, 584 F.2d 485 (C.A.D.C. 1978).

### B. Analysis

{¶ 13} Upon reviewing the record, we find no abuse of discretion committed by the trial court. We acknowledge that Schweitzer's requested continuance was short—one week—and that she had not previously requested a continuance. But we find that the other *Unger* factors weigh heavily against her. *Id.*

{¶ 14} The trial court could reasonably conclude that Schweitzer's stated reasons for delay—that she needed to make sure her household and daughter were taken care of—were unpersuasive as she had seven weeks from entering her guilty plea until the sentencing hearing to take care of such responsibilities. Even so, the record reveals that Schweitzer's daughter can take care of herself as she is an adult, can drive, and is competent.

{¶ 15} Likewise, Schweitzer made her continuance request at the commencement of the sentencing hearing, after all parties—the State, the victim, and the court—were present. Undoubtedly, the trial court could reasonably conclude that granting Schweitzer's continuance at the hearing would have resulted in an inconvenience to all parties as they were prepared to proceed with the sentencing hearing.

{¶ 16} Furthermore, the court could have reasonably concluded that the timing and Schweitzer's relatively vague explanation for her request undermined its legitimacy, and made her request look like a tactic to delay the punishment of her crime.

- 5 -

{¶ 17} Therefore, it was entirely reasonable for the trial court to deny Schweitzer's motion to continue. She was provided with an ample amount of time to get her affairs in order before the sentencing hearing and the court, the State, and the victim were ready and willing to proceed with the sentencing hearing. In these circumstances, we cannot find that the trial court abused its discretion when it denied her request for a continuance.

{¶ 18} Accordingly, we overrule Schweitzer's sole assignment or error.

{¶ 19} Judgment affirmed.

HENDRICKSON and M. POWELL, JJ., concur.

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Butler County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Matthew R. Byrne, Presiding Judge*

*/s/ Robert A. Hendrickson, Judge*

*/s/ Mike Powell, Judge*